## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19CR78 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID P. JONES, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Defendant David P. Jones asked the Court to Revoke the Detention Order and requested a hearing. (Doc. 34). For the following reasons, the Court **DENIES** Defendant's Motion.

### I. BACKGROUND

State and Federal authorities began investigating Defendant on suspicions of drug trafficking in late 2018. On January 3 and 4, 2019, investigators attempted to make a controlled purchase with a confidential source from Defendant at his residence in Elyria, Ohio. On January 4, the confidential source successfully purchased a mixture of heroin, fentanyl and carfentanil from Defendant.

Authorities executed a search warrant the next day on January 5, 2019. At the residence, authorities found several different quantities of narcotics, including methamphetamines, heroin, fentanyl, carfentanil and oxycodone. Authorities also found a firearm on the kitchen table. In addition to the narcotics and firearm, investigators found cash and a digital scale in the residence.

Also present at the residence were three young women in their twenties. The women implicated Defendant in drug trafficking activities. They also implicated Defendant with the possession of the firearm. One woman indicated that she traded sex in exchange for narcotics to fuel her addiction.

Defendant spoke with investigators both on the date of the search and on a later date. During those conversations, Defendant spoke about his drug trafficking activities. He also discussed his ability to purchase firearms as a convicted felon. At one point, Defendant indicated that "[p]rison has been [his] retirement idea for a while. Somebody's got to take of me [i.e., Defendant]." (Doc. 25, PageID: 208).

State officials arrested Defendant on State charges of drug trafficking. The State court granted Defendant bond. On February 6, 2019, a Grand Jury indicted Defendant with six counts stemming from his activities. (Doc. 1). Defendant initially waived his right to a Detention Hearing but reserved his right to have a hearing should his circumstances change. (Doc. 11). On July 16, 2019, Defendant filed a Motion for Bond alleging that his circumstances changed due to a medical condition. The Court referred the determination of bond to Magistrate Judge Ruiz for a disposition. (Doc. 19).

On July 24, 2019, the Magistrate Judge held a Detention Hearing. After hearing testimony from Defendant's daughter and Special Agent Carty, the Magistrate Judge determined that "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." (Doc. 24, PageID: 149).

On April 15, 2020, Defendant filed his Motion challenging the Magistrate Judge's decision. (Doc. 34). The Government responded on April 20, 2020, asking the Court to maintain Defendant's custody. (Doc. 35).

## II. LAW & ANALYSIS

In his Motion, Defendant claims that there are conditions or combination of conditions that will reasonably assure both the community's safety and Defendant's appearance. Defendant does not present new case-related information for the Court to consider. Instead, Defendant relies on the presence of COVID-19 in our country and the Defendant's prior medical diagnoses.

**A.     Standard of Review**

District courts review a magistrate's order of pretrial detention under a *de novo* standard. *United States v. Alexander*, 742 F. Supp. 421, 423 (N.D. Ohio 1990). Under 18 U.S.C. § 3142, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing § 3142(e)). A finding of dangerousness must be "supported by clear and convincing evidence." *Id.* (citing § 3142(f)(2)(b)). Accordingly, the default position is that a defendant should be released pending trial. *Id.*

A court modifies the default position when a "a judicial officer finds that there is probable cause to believe" that a defendant committed one of the crimes listed in § 3142(e)(3)(A)–(E). 18 U.S.C. § 3142(e)(3). In such a case, a presumption in favor of detention exists. *Id.* In order to defeat this presumption, a defendant must come forward with evidence that he does not pose a danger to the community or a risk of flight. *Stone*, 608 F.3d at 945. While this burden is not heavy, a defendant must introduce at least some evidence. *Id.*

Even when the defendant satisfies his burden of production, "the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id.* at 946. Ultimately, a court must consider the § 3142(g) factors to determine if the government met its burden. *Id.*

**B.     Presumption of Detention**

The parties do not dispute that the presumption of detention under § 3142(e)(3) applies. When the government presents an indictment including charges listed in § 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention. *Stone*, 608 F.3d at 945 (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). Here, the Grand Jury indicted Defendant with crimes listed in § 3142(e)(3). Since the Government has established the presumption of detention, Defendant must produce evidence that he is neither a danger to the community nor a flight risk.

**C.     Defendant's Rebuttal of Presumption**

Defendant argues he has rebutted the presumption of detention because he has strong familial support; he remains sickly; and he has performed well while released on bond in State court. The Government disagrees. While the Government commends Defendant's familial support, the Government argues that familiar support alone has no bearing on Defendant's flight risk or danger to the community.

As the Magistrate Judge found, the Court finds Defendant met his burden in rebutting the presumption of detention. As the Sixth Circuit reminds us, Defendant's burden to rebut the

presumption is light.  *Stone*, 608 F.3d at 945.  Defendant's behavior while on bond in State court for three years with no violations constitutes "some evidence" that Defendant does not pose a danger to the community or a flight risk.  Accordingly, Defendant adequately rebutted the presumption of detention.

**D.      Government's Burden of Persuasion**

Even through Defendant has satisfied his burden, the Court must still consider the presumption of detention when weighing the § 3142(g) factors.  *See Stone*, 608 F.3d at 945.  A determination that a defendant poses a danger or a flight risk "must be 'supported by clear and convincing evidence.'"  *Id.*  The Court considers the relevant § 3142(g) factors in turn.

### 1.      Nature and Circumstances of the Offense

The nature and circumstances of Defendant's offense weighs in favors detention.  Section 3142(g)(1) requires a court to consider the nature and circumstances of the offenses charged, including crimes that involve "a controlled substance [or a] firearm."  18 U.S.C. § 3142(g)(1).  Here, the allegations against Defendant involve both controlled substances and a firearm.  Thus, the charges on their face indicate a strong threat to society.  *See Stone*, 608 F.3d at 947, n. 6 (citing Sixth Circuit precedent that affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence).  Accordingly, this factor weighs in favor of Defendant's detention.

### 2.      Weight of Evidence

The weight of evidence also favors detention.  This second factor of § 3142 goes to the weight of the evidence of Defendant's dangerousness, not the evidence bearing on defendant's guilt.  *Stone*, 608 F.3d at 948 (citing *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (Section 3142(g) "neither requires nor permits a pretrial determination of guilt")).

At the Detention Hearing, the Government presented evidence that authorities found various narcotics throughout the residence. While all narcotics are dangerous, the mix of heroin, fentanyl, and carfentanil is especially dangerous. Moreover, the presence of a firearm and Defendant's self-proclaimed ability to obtain even more firearms while under disability adds to a dangerousness finding.

Accordingly, the Court finds that the weight-of-the-evidence factor weighs in favors detention.

### 3. History and Characteristics of Defendant

In considering the history and characteristics of Defendant, the Court considers:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State, or local law.

18 U.S.C. § 3142(g)(3)(A)–(B).

Defendant maintains strong ties to the Northern District of Ohio, having resided here for a substantial amount of time. He also enjoys a supportive family. This support is welcoming given Defendant's physical condition. Finally, Defendant has performed well on bond in the past.

However, Defendant does have a troubling criminal history. He has little employment history. He has abused drugs in the past. And despite his physical infirmities, the evidence reflects that Defendant still found a way to commit crime.

More concerning, the evidence suggests that Defendant violated court supervision while allegedly committing these crimes.  Defendant never disputed this finding at the Detention Hearing.  Moreover, Defendant's trading of narcotics for sex raises questions about his character.  These questions are only enhanced by Defendant's cavalier attitude towards prison as his retirement plan.

Given these character concerns, this factor tilts in favor of detention.

### 4. The Nature and Seriousness of the Danger to Any Person or the Community

The last factor favors detention.  Section 3142(g)(4) requires the Court to consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g)(4).  Allegations of drug trafficking are concerning.  Drug trafficking remains a menace to society and an obvious danger to the community.  The mixture of heroin, fentanyl and carfentanil that Defendant peddled is dangerous.  Defendant perpetuated these dangers by supplying narcotics to young women, roughly the age of his daughter.  While Defendant has family support from those who care about him, Defendant clearly does not care how his actions affect other families in the community.  The Court finds Defendant presents a danger to the community.  Accordingly, this factor weighs in favor of detention.

After considering the § 3142(g) factors and the statutory presumption of dangerousness in this case, the Court concludes that clear and convincing evidence supports the finding of Defendant's dangerousness to the community.  Accordingly, no conditions of release will reasonably assure the community's safety.

### E. COVID-19 and Changed Circumstances

The presence of COVID-19 in our country does not warrant a reopening of the Detention Hearing.  A district court *may* reopen a detention hearing based on changed circumstances.  18

U.S.C. § 3142(f)(2)(B).  However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community."  *United States v. Watson*, 475 Fed. App'x 598, 600 (citing § 3142(f)(2)(B)).  "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community."  *Id.*

As discussed above, Defendant remains a danger to the community despite his health conditions and the presence of COVID-19.  Defendant's health conditions are not changed circumstances, as Defendant based his most recent request for bond on his medical conditions.  Regarding COVID-19, the Court understands the general risks that COVID-19 presents to certain populations, including those in jails and prisons.  But courts throughout the country "have held that these risks, without more, do not amount to a 'material change of circumstances warranting a renewed evaluation of [a] prior detention order."  *United States v. Tawfik*, 2020 WL 1672655, at *2 (E.D. Mich. Apr. 6, 2020) (citing cases finding same).  Moreover, jail officials continue to take the necessary precautions to limit the introduction and spread of COVID-19 at the facility.[1]  (Doc. 35, PageID: 307-10).  Thus, the presence of COVID-19, by itself, does not impact Defendant's danger to the community.

---

[1] As of April 28, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19.  (https://drc.ohio.gov/Portals/0/DRC%20COVID-19%20Information%2004-28-2020%201500%20%281%29.pdf) (last accessed Apr. 29, 2020).  While authorities have locked-down the institution, this appears to be a precautionary measure due to three of the institution's staff members testing positive for the virus.

### III. CONCLUSION

For the foregoing reasons, the Court finds there is 'clear and convincing evidence' that no condition or combination of conditions will reasonably assure the community's safety.  This finding remains true despite COVID-19.  Accordingly, the Court **DENIES** Defendant's Motion (Doc. 34).

**IT IS SO ORDERED.**

                                                s/ Christopher A. Boyko
                                               **CHRISTOPHER A. BOYKO**
                                               **Senior United States District Judge**

**Dated: April 30, 2020**